## ARMSTRONG COUNTY.

JANUARY TERM, 1883. No. 70.          DECEMBER 5, 1882.

## Bonner *et al. vs.* Rowdybush.

1. In ejectment by the heirs-at-law of a testator against the devisee of lands, brought thirteen years after the probate of the will, parol

[Bonner *et al. v.* Rowdybush.]

evidence that the testator at the time of making the will charged the land and devisee with the payment of a certain sum to the plaintiff, that it was omitted from the will by mistake, that the devisee was informed of the provision in favor of plaintiff, and agreed to accept under the will with that condition annexed and entered with full knowledge of it, was properly rejected.

2. No trust *ex maleficio* could arise in the devisee.

3. *Quaere* whether such a trust would have arisen if he had been present at the time of making the will.

Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Armstrong County.*

Ejectment brought August 14, 1879, by Abner Bonner and Isabella, his wife, Jacob Frick and Mary, his wife, Henry Booher, Elizabeth Booher, Clara Booher, and Clement Booher, heirs-at-law of Henry Helsel, against Emmanuel Rowdybush, for a tract of land in Armstrong county.

The facts of the case, as they appeared at the trial before NEALE, P. J., were as follows : The plaintiffs were the heirs-at-law of Henry Helsel, who died seized of the land in dispute.

The last will and testament of Henry Helsel, probated August 4, 1866, contained the following clause : "I give and bequeath unto Emmanuel Rowdybush, my step-son, and son of my present wife, all the real estate of which I am possessed."

The plaintiffs made the following offer in rebuttal : "We propose to prove that at the time of making the will, offered in evidence by the defendant, Henry Helsel, the owner of the land, charged the land and the devisee with two thousand dollars, to be paid to his children, the plaintiffs in this case, and required that Emmanuel Rowdybush, the present occupant of the land, should pay that amount. That he requested it to be written in the will, but it was omitted from the will by mistake, and that Rowdybush was informed of the provision in favor of the children and grandchildren of Henry Helsel and agreed to accept under the will with that condition annexed, and did actually enter into possession of the land by reason of the will, with full knowledge of the condition annexed, and still occupies it under the circumstances stated. For the purpose of recovering a conditional verdict for the land in dispute, to be released upon the payment of the amount of the provision for the children and grand-children of Henry Helsel."

[Bonner *et al. v.* Rowdybush.]

The Court overruled the offer and granted an exception, instructing the jury to find for the defendant.

September 20, 1882, verdict for the defendant upon which judgment was afterward entered.

The plaintiffs thereupon took this writ, assigning for error the rejection of their offer of evidence as above.

*E. S. Golden*, for plaintiffs in error.

To say that a testator's conditions omitted from his will by mistake cannot be proven would seem to place a will upon a different plane from all other instruments of writing. Although the writing does not express the mind of the testator, still under the ruling of the Court, in this case, his wishes must entirely fail : Lippincott *v.* Whitman, 2 Norris, 244 ; 39 Leg. Int., 328.

The offer was to prove a parol condition annexed to the land, and that the devisee accepted the land and the condition annexed : Colgin *v.* Reddick, not reported. Rupp's Appeal, Legal Intel. Sept. 8, 1882.

*Gilpin & McCain*, for defendant in error.

The will cannot be questioned in this ejectment, as more than five years have elapsed from the time it was probated to the bringing of this action : Wilson *v.* Gaston, 11 Norris, 207. McCort's Appeal, Pitt's L. J., August 17, 1881 ; Pittsb'g L. J., 7.

The parol evidence offered was not as we understand it, for the purpose of proving a nuncupative will, nor to prove a latent ambiguity in the will offered by the defendant. The cases cited by plaintiffs in error do not apply to this case.

DECEMBER 30TH, 1882.—PER CURIAM : The evidence offered was rightly rejected. It was an offer to make a will by parol. No trust, *ex maleficio*, could arise in the devisee, as might have been the case if, at the time of making the will, the defendant had been present and agreed to accept the devise with the condition in favor of the children. This is as far as any of the cases have gone. Here the offer was to prove that afterwards the defendant agreed to accept the devise under the condition set up. This could not make him a trustee for the children.

Judgment affirmed.